73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Michael C. BUSIJA, Petitioner-Appellant,
v.
Roland J. HAWS, et al., Respondents-Appellees.
 No. 94-3386.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Dec. 29, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Busija appeals the district court's denial of his petition for habeas corpus. His petition claims that he suffered three constitutional violations: denial of effective assistance of counsel on appeal; violation of his Fifth Amendment right against self incrimination, because the police initiated questioning after Busija invoked his right to counsel; and, denial of due process, because he was denied a first appeal as of right in the Illinois courts after his attorney failed to comply with orders of the appellate court.
 
 
 2
 The district court found that Busija had procedurally defaulted each of these claims, because he had failed to assert them on appeal in the Illinois court system, so that there were independent and adequate state grounds for upholding his conviction. Moreover, the court held that while Busija had shown cause for failing to comply with Illinois appellate procedure, he failed to show prejudice, and therefore his procedural default would bar the court from reaching the merits of his claim on his petition for habeas corpus. The district court said there was no prejudice because it was not reasonably likely that Busija would have prevailed upon his appeal even if he had not procedurally defaulted. The court stated that in the alternative Busija would not have prevailed upon the merits of his petition for habeas corpus.
 
 
 3
 We hold that the district court was correct in each of these conclusions. Busija's central claim is that the police unconstitutionally initiated interrogation after he had requested counsel. See Edwards v. Arizona, 451 U.S. 477, reh'g denied, 452 U.S. 973 (1981). Because this was the only constitutional error that Busija asserted occurred at trial, his claims of ineffective appellate counsel and denial of due process based upon the dismissal of his appeal would only merit reversal if he could establish his claim with respect to the interrogation. In the suppression hearing, the state trial judge found that Busija never requested an attorney before or during interrogation, and that therefore the interrogation was not unconstitutional and that Busija's responses were properly admitted into evidence. This is a finding of fact to which federal courts must accord a presumption of correctness when hearing a petition for habeas corpus. 28 U.S.C. Sec. 2254(d). In order to overcome this presumption, the petitioner must "establish by convincing evidence that the factual determination by the State court was erroneous." Id.
 
 
 4
 Here, Busija has not overcome the heavy burden of showing that the state court's fact finding was erroneous. His main contention on appeal is that the trial court did not discuss the testimony of Edward Busija, the petitioner's father. However, Edward Busija did not testify that he heard his son request an attorney. He only stated that his son told him this. It was within the competence of the judge hearing this evidence at the suppression hearing to decide if this testimony outweighed her determination that the other testimony, especially the petitioner's, indicated that the petitioner did not request counsel. Therefore we will not disturb the factual findings of the state court.
 
 
 5
 Accepting the finding that Busija did not request an attorney, we conclude that he could not establish prejudice so as to excuse his procedural default, because even if he had pressed this argument on appeal he would not have gained a reversal. In the alternative, we conclude that this finding shows that Busija loses on the merits of his claim.
 
 
 6
 The judgment and order of the district court are AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Accordingly, the appeal is submitted on the briefs and the record